**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRIDGET MAYES,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-02387-UNA |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and her Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, who is located somewhere in the District, sues three individuals who appear to be her family members, the President of the United States, and the Department of Treasury. The Local Rules of this Court require a plaintiff to submit their full residence address, and those "filing *pro se in forma pauperis* must provide in the caption the name and full residence address or official address of each defendant. Failure to provide the address information within 30 days of filing may result in the dismissal of the case[.]" D.C. LCvR 5.1(c)(1). Plaintiff has not provided an address for herself or for any of the Defendants, thus contravening the Local Rule. *See id*.

In any event, this matter is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous,

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and Plaintiff's complaint falls squarely into this category. Here, Plaintiff's Complaint is comprised of fantastical non-sequiturs relating to "galactic wealth," "freedom from devices," "exposure to the world naked and tortured . . . since we were in the belly of the womb," "being put to death and brought back to life," and poses similar bizarre hypothetical questions regarding Plaintiff's supposed position in the federal government and the universe at large. The relief sought is unknown.

Simply put, this Court cannot exercise subject matter jurisdiction over Plaintiff's complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). As here, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

Consequently, this case is dismissed without prejudice. Plaintiff's Motion to Expedite, ECF No. 3, is denied as moot. A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN
United States District Judge

Date: October 20, 2026